[S. F. No. 2538. Department One.—June 20, 1903.]

WILLIAM M. GWIN, Appellant, v. JOSEPH CALEGARIS, Respondent.

VENDOR AND PURCHASER—CONTRACT OF SALE—PERFECT TITLE—RECORD. —Where a contract of sale of real estate calls for a perfect title, the purchaser may insist upon a good title of record, and is not required to accept a title depending upon adverse possession or upon matters resting purely in parol.

ID.—ALCALDE GRANT—UNCERTAIN DESCRIPTION—POSSESSION—PRESUMPTION.—An alcalde grant of a one-hundred-vara lot which does not identify any particular lot does not help a record title, notwithstanding a presumption that the alcalde gave possession of the lot in controversy to the grantee, under whom the vendor claimed.

ID.—RULE AS TO ANCIENT DOCUMENTS.—The rule as to ancient documents merely presumes them to be genuine, but does not import any verity as to recitals contained in them.

ID.—TITLE UNDER VAN NESS ORDINANCE—ACTUAL POSSESSION.—ABSENCE OF DEED.—Title under the Van Ness Ordinance, depending upon actual possession of the property in question on the first day of January, 1855, in the absence of a deed from the city, though it may be perfect without a deed from the city, is not a title of record, in the absence of such deed placed of record.

ID.—RESCISSION OF CONTRACT—RECOVERY OF DEPOSIT AND STIPULATED EXPENSE.—Where the vendor neglected to remedy the defect in his record title by obtaining a deed from the city, the purchaser had the right to rescind the contract and recover the money paid, with the fifty dollars provided for fee for examining the title.

ID.—RESCISSION BY CONSENT—SALE BY VENDOR TO THIRD PERSON—RECOVERY OF PURCHASE MONEY.—Consent to a rescission may be implied from the conduct of the parties; and where the vendor failed to make his title of record satisfactory to the purchaser, and parted with his title to a third person for an increased price, he must be deemed to have acceded to the desire of the purchaser to rescind the contract, and in such case the purchaser, though in default, may recover back the purchase money paid, if there is no actual damage to the vendor to be deducted therefrom.

ID.—FINDINGS AGAINST EVIDENCE—SPECIFICATIONS—NEW TRIAL.— Where the evidence all appears in the record, and is without conflict, consisting of record evidence and stipulations of the parties, and the findings are clearly against the evidence, and are attacked by specifications which fully informed the counsel and the court as to the points upon which plaintiff relied in contending that the decision was contrary to the evidence, such specifications must be deemed sufficient to justify the granting of a new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. S. K. Dougherty, Judge, presiding by request.

The facts are stated in the opinion of the court.

J. P. Langhorne, for Appellant.

P. F. Dunne, for Respondent.

ANGELLOTTI, J.—Plaintiff sought by this action to have it adjudged that a contract for the purchase by him from defendant of a lot of land had been rescinded, and to recover twenty-five hundred dollars paid by him as a deposit on account of such purchase, and fifty dollars expense of examining title, with interest from September 12, 1898.

Defendant had judgment in the court below, and plaintiff appeals from the judgment and an order denying his motion for a new trial.

It appears from the record that on July 29, 1898, plaintiff and defendant entered into a written contract, by which defendant agreed to sell, and plaintiff agreed to buy, for the sum of fifty thousand dollars, a lot of land in San Francisco, and that plaintiff, in pursuance of said agreement, then deposited with defendant twenty-five hundred dollars on account of such purchase. The portions of the agreement material to this controversy were as follows, viz: "Fifteen days (15) to be allowed the purchaser for examination of title, and if the title be not perfect and satisfactory to said Wm. M. Gwin the said sum of twenty-five hundred dollars to be immediately returned to him in gold coin. If the title be perfect and satisfactory to said Gwin, and balance of purchase money be not paid upon execution and presentation of a good and sufficient deed of grant, bargain, and sale, executed and duly acknowledged by me, the seller in person, and by my wife, the said sum of twenty-five hundred dollars is to be forfeited. . . . In case that the title prove defective, then I will pay fifty ($50.00) dollars to said Gwin towards attorney fees for examination of title. . . . Said Wm. M. Gwin shall upon consummation of sale, receive from me and my wife, a good and sufficient deed of grant, bargain, and sale

of said property, duly executed and acknowledged for record.''

The plaintiff within fifteen days from the date of the agreement examined the title, and was not satisfied therewith, and immediately notified defendant that his title was not a perfect title, nor a good title of record, nor satisfactory to plaintiff, specifying his objections thereto. Defendant denied that there was any defect in his title. Nothing further having been done by either party, plaintiff, on September 12, 1898, notified defendant in writing that he rescinded said agreement, and demanded that defendant pay to him the twenty-five hundred dollars deposit and the further sum of fifty dollars paid for examination of the title. Defendant not having paid the same, plaintiff commenced this action on September 27, 1898.

On October 25, 1898, defendant, for the consideration of fifty-one thousand dollars paid him by one Margaret Kelly, by deed of grant, bargain, and sale, sold and conveyed the said lot in fee-simple absolute to said Margaret Kelly, since which time he has not been the owner of the same. He did not in any manner reserve to plaintiff any right to purchase the land, and neither plaintiff nor defendant has any right or option to purchase said land or any part thereof from said Kelly. Plaintiff set up these facts in a supplemental complaint, filed March 3, 1899, alleging further that said deed to Kelly was executed by *plaintiff* (evidently a clerical error), with the intent to forever divest himself of all title to said land, and with the intent to rescind and abandon his agreement with plaintiff. Defendant in his answer denies that at any time he elected to rescind or abandon said agreement, and denies that said deed was executed with the intent to forever divest himself of the title to said land for any period incompatible with the execution of said agreement, or with the intent to rescind or abandon the same, and the finding of the trial court was in favor of defendant as to these allegations. The court further found that defendant's title was perfect and a good title of record, and satisfactory to plaintiff; that plaintiff did not find it otherwise; that the allegations as to defects in the title were not true; that defendant had not tendered plaintiff any deed, for the reason that plaintiff had always refused to pay or tender any part of the purchase

price except the twenty-five hundred dollars; and that plaintiff had not performed any of the conditions of his agreement except to pay said twenty-five hundred dollars.

The land in question is within the exterior boundaries of the pueblo as confirmed and patented by the United States, to the city and county of San Francisco in June, 1884, and also within the corporate limits of the city of San Francisco, as the same existed in 1851, and within the area covered by the Van Ness Ordinance, east of Larkin and Johnson (now Ninth) streets. It was a portion of what was known as one-hundred-vara lot No. 18, according to the official one-hundred-vara survey of said city and county, and the alleged foundation of defendant's title was an alcalde grant made by George Hyde, Alcalde, to Robert T. Ridley, on January, 16, 1847.

The defect in the title of defendant alleged by plaintiff, and specified in his notice of dissatisfaction with the title, is, that it was and is impossible to show by, and that it does not appear from, the public records in said city and county, that the one-hundred-vara lot conveyed by said alcalde grant was one-hundred-vara lot 18, or any part thereof, and, further, that there is no deed of record of the city and county of San Francisco of the said lot to defendant or any of his grantors.

Under the provisions of this agreement, the plaintiff was entitled to a good record title. It is settled in this state that where the contract of sale calls for a "perfect title," the purchaser may insist upon "a good title of record." (*Turner* v. *McDonald*, 76 Cal. 177;[1] *Benson* v. *Shotwell*, 87 Cal. 49; *Sheehy* v. *Miles*, 93 Cal. 288.) In the last case cited, Mr. Justice Harrison, in a concurring opinion, said: "It is a settled rule of this court that under a contract for the sale of land which provides for a *perfect title*, the title must be free from reasonable doubt and fairly deducible of record. *The vendee is not required to accept a title depending upon adverse possession, or upon matters which rest purely in parol.*" No intimation contrary to this view is to be found in any decision of this court, and it is to be presumed that the parties to this contract inserted this provision for a perfect title advisedly and in the light of the decisions of this court.

[1] 9 Am. St. Rep. 189.

Moreover, the provisions of the contract, independent of such decisions, imply, as did those involved in *Noyes* v. *Johnson,* 139 Mass. 436, that the purchaser was to have a good title by the record. This being so, it is entirely immaterial that defendant had a perfect title by prescription. While such a title is by our statute expressly made "sufficient against all," it is a title that is not established of record, but rests on parol testimony, and it is entirely reasonable that one should prefer not to invest a large amount of money in property the title to which is dependent on such testimony, and should provide in an agreement for the purchase of realty, as, in our judgment, the plaintiff has provided here, that if the record title of the vendor is not perfect the agreement shall be at an end.

The alcalde grant upon which defendant bases his claim of record title did not describe the land in such a manner that it could be identified, the only description contained in either the petition for the grant or the grant itself being as follows, viz: "A lot of land in the vicinity of the town of Yerba Buena, containing (100 varas) square," and it was admitted that there were more than two hundred such one-hundred-vara lots. It is manifest that the document was entirely inadequate to identify one-hundred-vara lot 18. This grant was recorded on pages 267 and 268 of book "A" of original grants of lots of land in Yerba Buena, and at page 261 of the same book appears a map of one-hundred-vara lots granted by the alcalde. A section of this map, embracing six lots, is in evidence, and this shows a one-hundred-vara lot located on the south line of Mission Street, bearing the numerical description "18," and the name "Ridley." This map is, however, in no way referred to in the grant, and the map in no way refers to the grant of January 16, 1847, to Robert J. Ridley. It is impossible to determine from an inspection of the grant and the map that the lot 18, marked "Ridley," shown in the map, is the lot that was intended to be conveyed by the grant in evidence.

While there may be a presumption that the alcalde gave possession of a one-hundred-vara lot to Robert T. Ridley, it cannot be presumed from a grant containing no description sufficient to identify any particular lot that he gave him possession of any particular lot, and the mere fact that said

Ridley was in possession of said lot 18, a fact not deducible from the public records, in no way helps the *record* title. The long line of deeds and other instruments from Ridley down to defendant indicates nothing more than that these people were dealing with this property, claiming to own it. The rule as to ancient documents, as we understand it, does not import any verity to the recitals contained in these instruments. The documents themselves are presumed to be genuine, and the rule has no further effect. (Code Civ. Proc., sec. 1963, subd. 34.) Leaving the alcalde grant out of consideration, it would hardly, we deem, be contended that the other facts relied on would show a title "fairly deducible from the record," for no title can be so held where there is an entire absence of record evidence of a grant from the original source of title. We see no material difference in a case where the record evidence of the original grant fails entirely to identify the land conveyed.

It is claimed that defendant had a good record title by legislative grant, independent of any alcalde grant, under the Van Ness Ordinance and the confirmatory grant of the legislature of the state, approved March 11, 1858. (Stats. 1858, p. 52.)

There being no grant made by any ayuntamiento, town council, or alcalde, of record, identifying said lot 18 as granted, defendant's title under the Van Ness Ordinance must depend upon the fact that his predecessors in title were in *actual possession* of the property on the first day of January, 1855, for, by said ordinance, the title was granted to those who were in such actual possession. If they were in such actual possession on such date, and so continued to the time of the introduction of the Van Ness Ordinance, June 25, 1855, undoubtedly title did pass to them by virtue of such ordinance and the confirmatory acts, and no further conveyance was necessary to transfer the city's interest, but it still remains true, in the absence of a deed from the city, under the provisions of the act of the legislature approved March 14, 1870, that there is no record evidence of the possession essential to title, and consequently no record evidence of title under the Van Ness Ordinance. It was said in *Goodwin* v. *Scheerer*, 106 Cal. 690 (696), that there is no presumption that any portion of the land covered by the Van Ness Ordinance was or was not in the actual possession of any one during this period, and, as

contended by plaintiff, it is obvious that the case does not differ in any essential particular from a title resting, so far as the evidence of it is concerned, upon adverse possession or parol proof.

The absence of a deed from the city, to establish of record the fact bringing defendant within the provisions of the Van Ness Ordinance, was one of the defects noticed by plaintiff to defendant. Defendant should have remedied this defect, for in the absence of such a deed we are of the opinion that the defendant's title, however perfect it might be as a matter of fact, was not fairly deducible of record, and, therefore, such a title as plaintiff, under the terms of his contract, might reasonably be dissatisfied with and refuse to accept.

Defendant having neglected to remedy the defect in his record title, the plaintiff had the right to rescind the contract and recover the money paid, with the fifty dollars provided for fee for examining the title. (*Burks* v. *Davies,* 85 Cal. 110.[1])

2. There is much force in the contention of plaintiff that, independent of the question of title, the record in this case should be held to show a rescission or abandonment of the agreement by mutual consent. The case differs materially from that presented in the decisions relied on by defendant. The conveyance to Kelly was absolute and without reservation of any kind. As a consideration therefor, defendant received from Kelly one thousand dollars more than he would have received under the agreement with plaintiff. The conveyance was made at a time when plaintiff was insisting that the contract should be considered at an end, and defendant had spoken no word or performed no act indicating any desire on his part that the contract should continue in force, unless the retention of the twenty-five hundred dollars could be considered such an act. He had entirely failed to attempt to make his title satisfactory to plaintiff. It was very natural that defendant should have preferred to sell to Kelly for fifty-one thousand dollars, rather than to plaintiff for fifty thousand dollars, and it seems very clear that he was satisfied to accede to plaintiff's desire and abandon the contract. Consent to a rescission need not in all cases be express, but may be implied from the conduct of the parties. (21 Am. & Eng.

---

[1] 20 Am. St. Rep. 213.

Ency. of Law, 1st ed., p. 68.) "If either party without right claims to rescind the contract, the other party need not object, and if he permit it to be rescinded, it will be done by mutual consent." (2 Parsons on Contracts, 8th ed., p. 793.) Where there is a rescission or abandonment by consent, the vendee, though in default, may recover back installments paid of the purchase money, less the actual damage to the vendor occasioned by his breach of contract. (*Shively* v. *Semi-Tropic Land and Water Co.*, 99 Cal. 259, and cases there cited.) It appears that there was no such damage here, but, on the contrary, a profit. In view, however, of our conclusion upon the question of title, it is unnecessary to determine this question.

3. In so far as the findings of the trial court are in conflict with the facts of this case, as stated in this opinion, it is sufficient to say that they are not sustained by the evidence. The evidence is absolutely without conflict, consisting entirely of record evidence and stipulations of the parties. Every material finding is attacked by the specifications contained in the statement on motion for a new trial.

4. It is contended that the statement does not sufficiently specify the particulars in which the evidence is alleged to be insufficient. We have carefully examined the specifications, and consider them sufficient under the decision of this court in *American Type Founders' Co.* v. *Packer*, 130 Cal. 459. There can be no doubt that they fully informed opposing counsel and the court as to the points upon which plaintiff proposed to rely in his contention that the decision was contrary to the evidence, and it appears that all the evidence is contained in the record.

5. This court cannot order judgment entered in favor of plaintiff by the court below. The condition of the findings prevents any such course being followed. Upon the findings, as they appear in the record, judgment properly went for defendant. But those findings, as to matters material to the case, are not sustained by the evidence, and the motion for a new trial should therefore have been granted.

For the reasons hereinbefore given the judgment and order are reversed and the cause remanded for a new trial.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.