[S. F. No. 10191.    In Bank.—December 18, 1923.]

MARJORIE BECSEY, Administratrix, etc., Appellant, v. CALIFORNIA TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent.

[1] AGENCY—PAYMENT OF MONEY TO AGENT—DISBURSEMENT IN ACCORDANCE WITH PRINCIPAL'S INSTRUCTIONS — NONLIABILITY OF AGENT.—In an action to recover money paid by plaintiff's predecessor in interest to the defendant, the latter was not accountable therefor where said money was paid to defendant, as the agent of a vendor from whom said predecessor was purchasing two lots under a contract of purchase, and the defendant applied the money so received in accordance with the instructions of the vendor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

James Gartlan for Appellant.

McCutchen, Olney, Willard, Mannon & Greene for Respondent.

WILBUR, C. J.—This is an action to recover the sum of $995. Plaintiff appeals from a judgment of nonsuit.

Plaintiff in this action alleged that her predecessor in interest, Patrick Kyne, had deposited with the defendant $995 in trust to be invested in certain real estate in the city of San Francisco; that Patrick Kyne had demanded of the defendant that it secure for him a conveyance of the real property; that the defendant refused to do so and that the defendant without the knowledge or consent of the plaintiff had itself purchased the real property in question and sold the same to other parties without plaintiff's knowledge or consent. The defendant denied the allegations of plaintiff's complaint.

It developed on the trial that instead of the plaintiff's predecessor having entrusted the defendant with $995 with which to purchase for him certain real estate, he had made a contract himself with the Sunnyside Land Company for the purchase of two lots, one for $600 and the other for $400, in a tract of land the legal title to which had been conveyed by the Sunnyside Land Company to the defendant Trust Company prior to its contract with Patrick Kyne. The defendant held the property under a trust agreement by which all the moneys received from the sale of the land in question were to be paid to the mortgagee of the property until the mortgage was satisfied. Deeds were to be made by the defendant Trust Company to the purchasers when a certain percentage of the purchase price fixed by the Sunnyside Land Company had been paid, and then only upon condition that the mortgage covering that portion of the property had been released. The purchaser, Patrick Kyne, paid the entire purchase price of one lot and a considerable portion of the purchase price of the other lot so purchased by him from the Sunnyside Land Company. This money was paid in part to the Sunnyside Land Company and in part to the defendant. Whether paid to one or the other, it was paid in pursuance of the contract for the purchase of the land, and by the agreement between the Sunnyside

Land Company and the defendant was to be applied to the payment of the first mortgage upon the land. [1] It is obvious that the moneys paid to the defendant were paid to it and accepted by it in its capacity as agent of the vendor, the Sunnyside Land Company. Inasmuch as the money received by the defendant from Patrick Kyne was paid to it as the agent of the vendor of the land, it is clear that the plaintiff cannot recover the money from the agent, but that her recourse is against the vendor to whom the money was thus paid. It is clear that as soon as the money was paid by Patrick Kyne to the defendant for the Sunnyside Land Company or in pursuance of the relationship created between the Sunnyside Land Company and the defendant by the trust agreement under which the defendant held the title, the money immediately became the property of the Sunnyside Land Company to be applied in accordance with the agreement of that company contained in the trust agreement between it and the defendant and the other parties participating in the trust agreement. Assuming that the plaintiff made a *prima facie* showing of payment of the sum of $995 and that this amount was applied to the full amount of the purchase price of the $400 lot and the balance to the payment upon the lot for which the purchase price was $600, it nevertheless follows that the motion for nonsuit was properly granted by the trial court, for the reason that the plaintiff had not established any right to recover the money paid from the defendant. Whether upon proper showing the plaintiff could have established under the trust deed a right to the conveyance of the property from the defendant to her is a question which is not involved in this case, nor is it necessary for us to consider what rights the plaintiff may have against the Sunnyside Land Company, which is not a party to this action.

To recapitulate: The facts alleged by the plaintiff as the basis for her recovery were not true. The money was not entrusted to the defendant by Patrick Kyne to purchase land for him, but was paid by him upon a contract made for the purchase of land and immediately upon the payment became the property of the Sunnyside Land Company to be applied in accordance with its agreement and directions. The defendant, having so applied the money in accordance

with the instructions of its owner, cannot be held accountable to the plaintiff.

Judgment affirmed.

Lawlor, J., Seawell, J., Kerrigan, J., Lennon, J., Myers, J., and Waste, J., concurred.

Rehearing denied.

All the Justices concurred.