[Civ. No. 8221. Third Dist. May 26, 1953.]

JOHN B. BAILEY et al., Appellants, v. M. M. REIMAN, Respondent.

Landram & Silveira and H. K. Landram for Appellants.

C. Ray Robinson and W. Eugene Craven for Respondent.

VAN DYKE, P. J.—Appellants, copartners in stockbrokerage, brought action against respondent in the form of a common count for money had and received for their use. The trial court, adopting the language of the complaint, found that these allegations were untrue and gave judgment for respondent.

In January, 1949, respondent purchased 500 shares of common stock of Waltham Watch Company, a corporation. Later in 1949 the company was reorganized and new stock was issued. It was placed in a voting trust. It was known as Waltham Watch Company, VTC. The old stock was made exchangeable for the new at 10 shares of old for one share of new and was taken off the exchange. Respondent retained his certificates, but in August of 1950 inquired of appellants' Merced office as to the selling price of his stock. Appellants, not members of the exchange on which the new stock had been listed, consulted a brokerage firm, known in these transactions as Merrill Lynch, which firm was a member. Appellants were told the selling price was $2.00 per share. This was the selling price of the new stock. But appellants did not know this and in good faith told respondent his stock could be sold for that price. Thereupon respondent instructed appellant to sell his stock at the price quoted. Respondent delivered his certificates to appellants. Appellants then instructed Merrill Lynch to sell respondent's stock. They had examined the stock and noted that it was old stock. They told Merrill Lynch it was old stock and told Merrill Lynch to ''please check when they get the order in New York to sell the correct amount of shares'' that this stock represented. Next day appellants were informed the stock had sold at $2.00. Thereupon they delivered respondent's certificates and received from Merrill Lynch $2.00 per share. This money they paid to respondent, less their commissions. Some two months later Merrill Lynch discovered that there had been an error and apparently made some sort of demand on appellants.

Under the facts narrated, and concerning them there is no dispute in the record, the trial court could have made no other decision than it did. ■ When an agent, openly and honestly acting as such, sells property of a principal, delivers the property for the price and transmits the price to the principal, the agency is ended. The agent is not liable to anyone for the money received. This money the agent receives for the principal, and in law it is received by the principal. ■ Upon the case they made appellants were liable to no one with whom they dealt and their agency having been completed they had no right to inject themselves further into the affairs of their principal. Someone may have a cause of action against respondent, but appellants, on this record, have none. (*Bogart* v. *Crosby & Van Haren*, 80 Cal. 195 [22 P. 84] ; *Allen* v. *Globe Grain & Milling Co.*, 156 Cal. 286, 291 [104 P. 305] ;

*Becsey* v. *California Title Ins. & Tr. Co.*, 192 Cal. 632, 634 [221 P. 356] ; *Weiner* v. *Roof,* 10 Cal.2d 450, 453 [74 P.2d 736] ; *Weiner* v. *Roof,* 19 Cal.2d 748, 753 [122 P.2d 896].)

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.