[Sac. No. 2166.    In Bank.—August 17, 1915.]

## SILICA BRICK COMPANY (a Corporation), Respondent, v. S. W. WINSOR, Appellant.

Corporation Law—Subscription for Stock—Liability on—Insufficient Showing of Cancellation.—In an action to recover the amount of a subscription for capital stock of a corporation, where it appears that a certain amount of common stock had been issued to various parties, including the defendant, and that thereafter it was agreed amongst these parties, who were directors of the corporation, that their stock should be canceled and a lesser amount of fully paid up preferred stock issued to each, which agreement was approved by resolution (the resolution being signed and ratified by defendant), at a special meeting of the stockholders, and the common stock was surrendered, each party receiving his preferred stock, but no mention being made of the cancellation of the previous stock subscription of defendant in a written agreement embodying the stipulations of the parties, nor in the resolution of the stockholders approving the agreement, by the adoption of the terms of the resolution defendant deprived himself of the right to set up by way of defense any secret unfulfilled agreement for the cancellation of his subscription.

Id.—Cancellation of Stock Subscription—Consent of Stockholders.—A subscription for capital stock of a corporation may only be rescinded or canceled with the unanimous consent of the stockholders, unless such subscription was obtained by fraud or mistake; but the stockholders may by their acquiescence ratify a release which the directors have given.

Id.—Pleading—Amendments—Variance Between Verified Pleadings.—A party should not be permitted to allege as ultimate facts matters at variance with facts to which he has previously sworn in a prior pleading, and the court can resort to the earlier pleadings to determine whether or not the one finally offered is sham.

Id.—Amended Answer—Proper Refusal of.—In such a case the court properly refused to permit the defendant to file a third amended answer, on the ground that it was sham and not made in good faith, it appearing therefrom that wherever the newly proffered pleading varied from its immediate predecessor it sought to aver conclusions instead of facts, and where by the omission from it of the resolution of the stockholders, which was the fundamental transaction upon which the defendant must stand or fall, and by pleading that the corporation ratified the alleged contract of cancellation, defendant sought to avoid the result of a written, executed agreement which had been pleaded in his second amended verified answer.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a motion to file an amended answer.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Charles O. Busick, and O. G. Hopkins, for Appellant.

Shinn & Shinn, for Respondent.

MELVIN, J.—In this case judgment was entered on the pleadings in favor of plaintiff.   The defendant appeals from the judgment and from the court's order denying his motion for leave to amend his second amended answer.

The action was one to recover the amount of a subscription for the capital stock of the plaintiff.   Defendant admitted the due execution by him of the document, set forth by copy in the complaint, by which he subscribed for five thousand shares of the preferred stock of the plaintiff corporation agreeing to pay five thousand dollars for said stock at the option and on demand of the Silica Brick Company.   This document was dated July 21, 1910.   He also admitted that demand had been made for payment of this amount and that he had refused to comply with said demand.   But in excuse for his conduct it is alleged in the second amended answer that defendant was one of the board of directors of the plaintiff corporation, the other members being Messrs. Dargitz, Walton, Brinkmeyer, and Pierce; that on July 26, 1910, defendant entered into an agreement of employment with the Silica Brick Company by which he promised to devote his skill and industry to the business of the plaintiff for five years at a stated salary and for thirty thousand shares of the common stock of said corporation which were duly assigned to him; that on November 1, 1910, at a special meeting of stockholders, ten thousand shares of common stock were voted to directors Dargitz, Walton, and Pierce each, in consideration of their promise to finance the company; that thereafter at a special meeting of the directors of the corporation this action was affirmed; that on December 24, 1910, a meeting of the directors was held at plaintiff's office and the three directors, who had agreed to finance the enterprise, declared that it was impossible to accomplish the desired purpose while sixty thousand shares of the common stock were outstanding (thirty

thousand shares in the hands of director Winsor and a like amount in the possession of director Brinkmeyer); that it was accordingly agreed between Winsor and Brinkmeyer on the one hand and the three remaining directors on the other, that the former should return their shares of common stock receiving each, instead thereof, five thousand shares of preferred stock together with all wages due to that date and that the subscription which each had made for five thousand shares of preferred stock at par value should be canceled and returned to the subscriber; that thereafter a written agreement embodying all of the stipulations between Winsor and Brinkmeyer and the other directors except the cancellation of the stock subscriptions was submitted for signature and that defendant thereupon protested against signing said agreement because of such omission; that on December 27, 1910, at a special meeting of the stockholders of the corporation the agreement made by the directors was approved and adopted by a resolution which is set forth in the answer; that thereafter the defendant and Brinkmeyer surrendered their common stock and received each five thousand shares of preferred stock; and that at the time of carrying out the provisions of the resolution of the stockholders defendant demanded the cancellation and the surrender of the stock subscription upon which this action is based. It is also averred that the agreement between defendant and the other directors was made in good faith, and was for the benefit of the corporation and that the thirty thousand shares of common stock had not been returned to defendant.

The resolution of December 27, 1910, is entirely without ambiguity. It accepts the restoration of the common stock to the treasury and directs "the issuance to said S. W. Winsor and L. C. Brinkmeyer of five thousand (5000) shares each of fully paid up stock, of said preferred stock of said corporation in exchange for the sixty thousand (60,000) shares of the common stock upon the restoration of said common stock of said corporation." There is absolutely no reference to any other agreement between the corporation and the defendant and according to the pleading defendant by accepting the very terms of this resolution to the adoption of which he was a party, deprived himself of the power of setting up any secret unfulfilled compact with his fellow directors regarding the cancellation of his agreement to subscribe for five thousand

shares of the preferred stock.   The defendant signed and rati-
fied the resolution of the stockholders which plainly states the
contract for the surrender of his common stock and the con-
sideration therefor.   The omission of any mention of a fur-
ther consideration to consist of the cancellation of the earlier
stock subscription, is fatal to his assertion of such an element
in his agreement with the Silica Brick Company.   A sub-
scription for capital stock of a corporation may only be re-
scinded or canceled with the unanimous consent of the stock-
holders unless such subscription was obtained by fraud or
mistake.   (*Pacific Fruit Co.* v. *Coon,* 107 Cal. 452, [40 Pac.
542].)   It is true that stockholders may by their acquiescence
ratify a release which the directors have given (*Thomas* v.
*Wentworth Hotel Co.,* 16 Cal. App. 407, [117 Pac. 1041,
1046]).   But no such ratification is shown by this pleading.
It nowhere appears that the stockholders, other than those
who were directors, knew of such an arrangement as defend-
ant pleads.   On the contrary it does appear by solemn, re-
corded action of all of the stockholders, including the defend-
ant, that the cancellation of the subscription paper was no
part of the consideration to be given by the corporation for
the surrender of the common stock.

The third amended answer offered by the defendant but re-
jected by the court, like its predecessor admits the execution
of the agreement of subscription for stock.   It is averred that
the initial agreement to surrender the capital stock was made
between Winsor and Brinkmeyer and the "Silica Brick Com-
pany" whereas in the former pleading the allegation was that
this understanding was between these two men and their fel-
low directors.   It is further set forth that the directors and
the Silica Brick Company accepted the agreement while in
the earlier answer the acceptance was averred as being that
of the directors only.   In the newly proffered pleading the
resolution of the stockholders is not set forth, but it is alleged
that at the time of entering into the agreement with the Silica
Brick Company defendant requested said company to reduce
to writing the stipulation regarding the cancellation of his
subscription for stock, but that directors Walton, Pierce, and
Dargitz represented to him that such a course was unneces-
sary because he could rely upon the corporation to carry out
the understanding to surrender and cancel the said subscrip-
tion.   In the new pleading it is also averred that between

December 24, 1910, and January, 1912, the Silica Brick Company never demanded payment of the stock subscription and until the latter date treated and continued to treat said subscription as canceled and annulled.

The court was justified in refusing to permit the defendant to file the third amended answer. One of the reasons given by the court was that the proposed answer was sham and not made in good faith. Wherever the newly proffered pleading varied from its immediate predecessor it sought to aver conclusions instead of facts. By the omission of the resolution of the stockholders, which was the fundamental transaction upon which defendant must stand or fall, and by pleading that the corporation ratified the alleged contract of cancellation, defendant sought to avoid the result of a written, executed agreement which had been pleaded in his second, amended, verified answer. The defendant should not be permitted to allege as ultimate facts matters at variance with facts to which he had previously sworn. The court could resort to the earlier pleadings to determine whether or not the one finally offered was sham. (*Bank of Shasta* v. *Boyd,* 99 Cal. 604, [34 Pac. 337]; *Hoyt* v. *Beach,* 104 Iowa, 257, [65 Am. St. Rep. 461, 73 N. W. 492]; *Thigpen* v. *Mississippi Central R. R. Co.,* 32 Miss. 347; *Williamson* v. *White,* 101 Ga. 276, [65 Am. St. Rep. 302, 28 S. E. 846].) In *Bank of Shasta* v. *Boyd, supra,* it was held that a plea of the statute of limitations was sham when put forward in a suit of foreclosure in which the mortgage, admittedly executed as pleaded, showed upon its face that it had been signed within four years. Upon like principles the court could look to the second amended answer in weighing the third one and determining defendant's good faith or want of it in the premises.

The judgment and the order from which defendant appeals are affirmed.

Henshaw, J., Lorigan, J., Shaw, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.