[Civ. No. 2168. Second Appellate District.—May 27, 1918.]

## PASADENA RAPID TRANSIT COMPANY (a Corporation), Respondent, v. S. M. MUNSON, Appellant.

CORPORATION LAW—RECOVERY OF SUBSCRIPTION PRICE OF STOCK—NATURE OF STOCK—SUPPORT OF FINDING—ABSENCE OF BILL OF EXCEPTIONS. In an action on a promissory note given for the subscription price of stock, it cannot be contended on appeal that the stock which the corporation is able to issue to the appellant is not the original issue for which he subscribed, but stock returned to the treasury charged with a contingent liability, where the appeal is taken upon the judgment-roll alone, without a bill of exceptions, since the finding of the trial court that the stock is the proper stock to be issued must be assumed to be supported by the evidence.

ID.—CONTRACT FOR ORIGINAL ISSUE OF STOCK IN EXCHANGE FOR PROPERTY—SUBSCRIPTION TO STOCK.—A contract for an original issue of shares of stock in exchange for property is in legal effect but a subscription to stock, even if it be not a subscription contract in form.

ID.—CANCELLATION OF SUBSCRIPTION TO STOCK.—A corporation may, under certain circumstances, and certainly as against all but existing creditors, cancel a subscription to stock, especially if the cancellation relate to only a part of the shares subscribed for.

APPEAL from a judgment of the Superior Court of Los Angeles County.   George H. Cabaniss, Judge Presiding.

The facts are stated in the opinion of the court.

James S. Bennett, for ‾Appellant.

Porter & Sutton, for Respondent.

WORKS, J., *pro tem.*—The appellant subscribed for certain shares of the capital stock of the respondent and the subscription contract was consummated prior to the organization of the respondent.   A promissory note was given by the appellant to cover a part of the amount subscribed by him and this action was commenced to recover on the note.   The plaintiff had judgment and the defendant appeals.

After the respondent was organized it issued all of its shares of stock, none of it, however, going to the appellant. A large block of the stock was issued to another corporation in payment for certain property which that corporation conveyed to the respondent; but on the same day that the shares were issued this second corporation transferred a considerable portion of its shares back to the respondent, "to be held," according to the findings of fact, "as treasury stock of plaintiff and to be sold for the benefit of plaintiff or issued to the subscribers for the capital stock of plaintiff." It is only out of this returned stock that the respondent is able to issue to the appellant any shares as and for the shares subscribed for by him.   The appellant contends that this stock is not the stock for which the subscription was made, that he is entitled to an original issue from the treasury, that the consideration for the note has wholly failed, and that judgment should have been pronounced in his favor.

The theory behind the appellant's contention is, of course, that the stock which, alone, the respondent is able now to issue to him is charged with a contingent liability under the law (see *R. H. Herron Co.* v. *Shaw*, 165 Cal. 668, [Ann. Cas. 1915A, 1265, 133 Pac. 488]), different from the subscription or "trust fund" liability .which would be incident to shares ·issued to him in the first instance, from the treasury of the respondent.   The appellant does not, however, present such a record as enables him to make this contention.   The appeal

comes to us upon the judgment-roll alone, without a bill of exceptions. Therefore, the trial court having found that the shares which were returned to respondent were to be held as treasury stock and were to be issued, in part, to the subscribers for the capital stock of the respondent, we are bound to assume that there was evidence to support the finding. (*Paine* v. *San Bernardino V. T. Co.*, 143 Cal. 654, [77 Pac. 659].) The finding means, necessarily, that the stock was *legally* returned to the treasury to be *legally* issued to subscribers, and without injury to their rights, if such a thing were possible under any state of facts which might have been presented to the trial court. It is well settled that a contract for an original issue of shares of stock in exchange for property is in legal effect but a subscription to stock, even if it be not a subscription contract in form. (Cook on Corporations, sec. 22.) It is equally well settled that a corporation may, under certain circumstances, and certainly as against all but existing creditors, cancel a subscription to stock, especially if the cancellation relate to only a part of the shares subscribed for (*Thomas* v. *Wentworth Hotel Co.*, 16 Cal. App. 403, [117 Pac. 1041, 1046]; *Silica Brick Co.* v. *Winsor*, 171 Cal. 18, [151 Pac. 425]); and there is nothing in the record before us to show that the respondent had creditors at the time the shares of stock in question were returned to the treasury.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 25, 1918.