SCHOTTKY, J.
 

 On November 1, 1955, Charles Eugene Stokes, a member of the Board of Supervisors of Butte County, while operating a motor vehicle, of which he was the registered owner, was involved in a collision with a motor vehicle operated by Mrs. Ella Bossert. Stokes was killed and Mrs. Bossert was injured. On April 6, 1956, both Mr. and Mrs. Bossert filed their claims against the estate of Charles Eugene Stokes. On April 16, 1956, each of them filed with the county clerk a duly verified claim against the county. The claims were rejected.
 

 
 *459
 
 On Hay 7, 1956, this action was commenced against Butte County, the estate of Charles Eugene Stokes and Beulah May Stokes individually. It was alleged in each count that at the time of the accident the decedent “was a duly elected, qualified and acting supervisor of the County of Butte . . . and ... at the time and place ... as such supervisor he was an officer, agent, servant and employee of the County of Butte acting within the scope of his office and employment.’’ It was also alleged that the vehicle which the decedent was driving at the time of the accident was owned by him and his wife Beulah May Stokes.
 

 The executors and Beulah May Stokes individually filed an answer in which they admitted the decedent was a supervisor of Butte County and that at the time he was acting within the scope of his employment. The answer alleged further that the vehicle which the decedent was driving had been acquired prior to his marriage to Beulah May Stokes and was his sole and separate property.
 

 The county of Butte demurred to the complaint on the ground that no cause of action was stated because the complaint showed on its face that it was barred by the provisions of section 1981 of the Government Code (now § 801) because the claim was not filed within 90 days after the accident occurred. The demurrer was sustained without leave to amend, and judgment entered in favor of the county. No appeal was taken from this judgment and its propriety is not an issue in this appeal.
 

 Thereafter, the executors were granted permission to amend their answer, and in their amended answer they set up the bar of sections 1980,1981, 1982 and 2003 of the Government Code. They then made a motion for judgment on the pleadings. Plaintiffs sought permission to amend their complaint to eliminate the reference to the allegation that at the time of the accident the decedent was acting within the scope of his employment with the county. The reason given was that the allegation was inserted to assert a cause of action against the county, and since judgment had been given in favor of the county the allegation was superfluous in the causes of action against the other defendants. Beulah May Stokes made a motion for summary judgment. In the affidavit in support of the motion she asserted that the vehicle which her deceased husband had been driving was his sole and separate property. The court granted the motion for judgment on the pleadings
 
 *460
 
 and the motion for summary judgment. It denied permission to file the amended complaint.
 

 Plaintiffs have appealed from the judgment in favor of the executors of the estate of Charles Eugene Stokes, from the judgment entered in favor of Beulah May Stokes after her motion for summary judgment was granted, and from the order of the court denying them permission to file amendment to their complaint. The latter is a nonappealable order and the purported appeal therefrom must be dismissed.
 

 The sole contention made in appellants’ brief is that their action is not barred by the provisions of sections 1980, 1981, 1982 and 2003 of the Government Code.
 

 Section 1981 provided: “Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment . . . , within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk . . . of the . . . county . . . .” This section applies to claims against public officers or employees when it is claimed that one has been injured as the result of the negligence of the officer or employee.
 
 (Stewart
 
 v.
 
 McCollister,
 
 37 Cal.2d 203 [231 P.2d 48].) In the instant case it was pleaded that the injury occurred while the decedent was acting within the scope of his employment. Section 1981 would be applicable. No verified claim was filed either with the county or the executors of the estate within 90 days. Under such circumstances the failure to comply with the time provisions of section 1981 is fatal.
 
 (Ward
 
 v.
 
 Jones,
 
 39 Cal.2d 756 [249 P.2d 246];
 
 Huffaker
 
 v.
 
 Decker,
 
 77 Cal.App.2d 383 [175 P.2d 254].) Compliance with the section is a prerequisite to the maintenance of the action against the employee alone. (California Law Bevision Commission, The Presentation of Claims Against Public Entities, p. A-109.) Under the facts of this case the court properly granted the motion for judgment on the pleadings because of the failure to allege compliance with section 1981 unless (1) the court abused its discretion in not permitting the amendment to eliminate the allegation of employment, or (2) unless the section was not applicable to actions where the alleged tortfeasor had died.
 

 There was no abuse of discretion in not permitting the amendment to eliminate the allegation that the injury occurred while the decedent was acting within the course of his service or employment. The rule is that one may not
 
 *461
 
 avoid an allegation in a verified pleading which renders it vulnerable by later simply omitting the allegation without an adequate explanation. In
 
 Wennerholm
 
 v.
 
 Stanford University School of Medicine,
 
 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358], the court said at page 716 : “. . . If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading. ...” And in
 
 Neal
 
 v.
 
 Bank of America,
 
 93 Cal.App.2d 678 [209 P.2d 825], the court said at page 681: “Plaintiff’s so-called ‘amended complaint’ consists solely of a mere reiteration, in two separate but substantially identical paragraphs, of the common count in the original complaint. No attempt is made to state new facts, or to state the facts more fully, or to bring in any new parties. . . . Pacts once alleged, however, cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. [Citing cases.] Accordingly, in determining defendant’s motion, the court was fully justified in examining and considering the original complaint. (See
 
 Silica Brick Co.
 
 v.
 
 Winsor,
 
 171 Cal. 18, 22 [151 P. 425];
 
 Hoyt
 
 v.
 
 Beach,
 
 104 Iowa 257 [73 N.W. 492, 65 Am.St.Rep. 461]; 21 Cal.Jur., § 168, p. 244.) So considered, the ‘amended’ complaint was no better than the original complaint.” (See also
 
 Slavin
 
 v.
 
 City of Glendale,
 
 97 Cal.App.2d 407 [217 P.2d 984];
 
 Pike
 
 v.
 
 Archibald,
 
 118 Cal.App.2d 114 [257 P.2d 480].) The only explanation offered by appellants for omitting the proposed amended complaint the allegation that the injury occurred while the decedent was acting within the course of his employment as an officer or employee of Butte County was that the allegation was not necessary since the county was no longer a party to the action. This is not an adequate explanation.
 

 We believe that appellants’ cause of action was barred by section 1981 of the Government Code and that it is unnecessary to discuss the effect of section 2003 (now 803) which read:
 

 “. . . A cause of action against an employee of a district, county, city, or city and county for damages resulting from any negligence upon the part of such employee while acting within the course and scope of such employment shall be barred unless a written claim for such damages has been presented to the employing district, county, city, or city and county in the manner and within the period prescribed by law as a condition to maintaining an action thereof against such governmental entity.”
 

 
 *462
 
 However, we agree with respondents that appellants’ action is also barred by said section 2003 of the Government Code (now 803). As stated in
 
 Jones
 
 v.
 
 Shears,
 
 143 Cal.App.2d 360, at page 364 [299 P.2d 986] : “It will be noted that section 1981 requires the filing of a written verified claim with the officer or employee and with the clerk of the legislative body of the county as a condition to maintaining an action where a person claims that he has been injured
 
 as a result of the negligence or carelessness
 
 of such public officer or employee occurring during the course of his service or employment. It is apparent that section 2003 of the Government Code deals with the same subject matter, viz., injury caused by the negligence of a public employee.’’
 

 The remaining question to be considered is whether or not section 1981 (now § 801) of the Government Code is applicable to cases where the alleged tortfeasor had died. The statute by its own terms states that it applies whenever it is claimed that the injury occurred due to the negligence of an officer or employee during the course of his service or employment. It applies of course in actions against the officer or employee. We see no reason why it should not be applicable where the allegedly negligent officer or employee has died, and the action is against his estate. The allegations of the statute were made and a cause of action exists against the estate because a cause of action existed against the officer or employee. We do not believe that the Legislature intended that there should be a different rule in a case where the officer or employee died. We are not here concerned with a situation where executors were not appointed within 90 days or where the allegedly negligent officer or employee may have died within the 90-day period, because here there was no claim filed with the county.
 

 Although appellants’ notice of appeal states that it is an appeal from the whole judgment, appellants have made no attack in their brief upon that part of the judgment which grants a summary judgment in favor of Beulah May Stokes individually. We may therefore assume that that part of the appeal has been abandoned.
 

 The judgment is affirmed. The purported appeal from the order denying permission to file an amended complaint is dismissed.
 

 Van Dyke, P. J., and Warne, J. pro tem.,
 
 *
 
 concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.