[L. A. No. 26474.   In Bank.   Nov. 16, 1961.]

WILLIAM HARDY, Plaintiff and Respondent, v. ADMIRAL
OIL COMPANY, Defendant and Appellant.

Theodore G. Lee for Defendant and Appellant.

Mitchell, Silberberg & Knupp and Howard S. Smith for Plaintiff and Respondent.

SCHAUER, J.—Defendant appeals from a judgment for plaintiff on the pleadings in an action to recover a down payment on a contract for the sale of certain oil and gas leases.

Defendant contends that the judgment was erroneous because its third amended answer raised a material issue (1) by a denial of the alleged breach of contract and (2) by an affirmative allegation of facts contrary to those alleged in the complaint as the basis of the cause of action. We have concluded that defendant's contention is without merit and that the judgment should be affirmed.

The complaint is in two counts. In the first it is alleged that defendant by written contract agreed to sell, and plaintiff's assignors agreed to buy, certain oil and gas leases, wells, and related equipment. The contract, which is attached to and made a part of the complaint, contains a warranty[1] by defendant that "it is the owner of the leases, rights and properties" to be sold. By further provisions the parties thereto expressly agreed as follows: that the purchaser (plaintiff's assignors) should open an escrow and deposit therein a down payment in the amount of $25,000, which was to be immediately released to the order of the seller (defendant); that the seller should promptly order preliminary title reports; that the purchaser should pay the remainder of the purchase price ($1,112,500) into the escrow not later than 10 days after the delivery of the preliminary title reports; that upon the failure of the purchaser to pay the remainder, the $25,000 down payment should be forfeited to the seller, "provided however that if the PURCHASER shall fail to pay the balance of said purchase price into said escrow within said period by reason of any defect of title disclosed by the Preliminary Title Reports or by reason of the discovery of any misrepresentations made to the PURCHASER . . . then, at the election of the PURCHASER this Agreement shall terminate forthwith and the $25,000 down payment shall be returned to the PURCHASER less PURCHASER's share of the escrow expenses incurred therein."

The complaint further alleges that plaintiff's assignors opened the escrow and deposited the $25,000, and that the deposit was duly paid over to defendant; that the preliminary title reports were subsequently ordered by defendant and delivered to plaintiff's assignors; that such reports disclosed that defendant's title was defective in that, among other things, the entire record ownership of the property was

---

[1]The warranty is thus phrased: "Seller does not make any warranty whatsoever, either express or implied . . . except that it is the owner of the leases, rights and properties" which are the subject of purchase and sale.

vested in persons other than defendant; that plaintiff's assignors also discovered that defendant had made various misrepresentations which had induced them to enter into the contract; that on October 30, 1958, plaintiff's assignors notified defendant in writing of such defects of title and misrepresentations, and stated that pursuant to the provisions of the contract they elected to terminate forthwith and demanded that defendant return the $25,000 down payment to the escrow; that defendant failed to comply with such demand. The second cause of action was stated as a common count for money had and received in the amount of $25,000.

Defendant's demurrer to the complaint was overruled and an answer was filed, together with numerous exhibits. Plaintiff's general demurrer to the answer was sustained with leave to amend. Similar demurrers were sustained to defendant's first amended answer and second amended answer. A demurrer to defendant's third amended answer was overruled, but the court granted plaintiff's motion to strike therefrom the first affirmative defense. Plaintiff's motion for judgment on the pleadings was then granted on the ground that the third amended answer did not state facts sufficient to constitute a defense to plaintiff's first cause of action and that it appeared from all the verified pleadings on file that plaintiff was entitled to judgment as prayed for in the complaint. Defendant appeals from the judgment entered accordingly.

Defendant's sole contention is that in the final state of the pleadings it was error to grant plaintiff's motion for judgment.[2] An examination of defendant's third amended answer reveals that defendant admitted therein (1) the execution and content of the contract sued upon, (2) the deposit into escrow of the $25,000 down payment and the release thereof to defendant, and (3) the demand for return of the down payment and defendant's failure to comply. The question presented on this appeal is whether the trial court could properly conclude "from all the verified pleadings on file" that defendant also admitted (4) the delivery to plaintiff's assignors of preliminary title reports which showed "any defect of title." If such an admission appears, defendant must

---

[2]Defendant does not complain of the propriety of the trial court's actions in overruling its demurrer to the complaint, in sustaining plaintiff's demurrers to its original answer and first and second amended answers, and in striking the first affirmative defense from its third amended answer.

be deemed to have admitted in its pleadings all the facts necessary to entitle plaintiff to recover, and the judgment on the pleadings must be affirmed.

Defendant first argues that its third amended answer "placed in controversy, i.e., by denial, its alleged breach of contract." Defendant presumably refers to paragraph III of that answer, which "denies both generally and specifically each and every allegation" of paragraph V of the complaint (wherein plaintiff alleges that preliminary title reports were delivered and that such reports disclosed that the entire record ownership was vested in persons other than defendant). ▮▮ In testing the sufficiency of a verified amended pleading, however, courts are not limited to the allegations of the particular document under attack. Facts once alleged under oath, rendering an original pleading vulnerable to attack, cannot be withdrawn from consideration by the simple expedient of filing an amended pleading omitting such facts without explanation. (*Wennerholm* v. *Stanford University School of Medicine* (1942) 20 Cal.2d 713, 716 [2] [128 P.2d 522, 141 A.L.R. 1358]; *Bossert* v. *Stokes* (1960) 179 Cal.App.2d 457, 460-461 [5] [3 Cal.Rptr. 884]; *Payne* v. *Bennion* (1960) 178 Cal.App.2d 595, 603 [10] [3 Cal.Rptr. 14], and cases there cited.) ▮▮ While this rule has most frequently been invoked in determining the sufficiency of an amended pleading as against a general demurrer, the essential similarity between a general demurrer and a motion for judgment on the pleadings (see *MacIsaac* v. *Pozzo* (1945) 26 Cal.2d 809, 812 [1] [161 P.2d 449]) requires that the rule also be applied in testing the vulnerability of an amended pleading to the latter motion.

▮▮ Paragraph III of defendant's verified original answer and paragraph III of its verified first amended answer each alleged (1) that "the preliminary title reports, described in Paragraph X of said contract, . . . were ordered from the Title Insurance and Trust Company and delivered to purchasers [plaintiff's assignors]," and (2) that certain named persons other than defendant "were the owners of record" of the property. These facts are also recited in various exhibits (letters from officers and attorneys of defendant) annexed to and expressly incorporated by reference in several of defendant's answers, including its third amended answer. Applying the above stated rule defendant must be deemed to have admitted, for the purpose of determining the propriety of the challenged judgment on the pleadings, that the preliminary

title reports were delivered and that they showed that defendant was not the owner of record of the property to be sold.

These are fatal admissions. Defendant filed no pleading alleging that the contract as pleaded does not express the true agreement and seeking to reform it. ▮▮ Preliminary title reports are, in effect, abstracts of title (see *J. H. Trisdale, Inc.* v. *Shasta etc. Title Co.* (1956) 146 Cal.App.2d 831, 837 [6] [304 P.2d 832]) and show only those matters appearing of record with respect to the state of a title. (See e.g., Legal Aspects of Real Estate Transactions (Cont. Ed. Bar) pp. 92-98.) ▮▮ Defendant's allegations that persons other than it were the owners of record thus amounted to an admission that, as plaintiff alleged in paragraph V of the complaint, the preliminary title reports which were delivered to plaintiff's assignors and upon which they elected to terminate disclosed that defendant was not the owner of record. ▮ Under a contract for the sale of land permitting the vendee to rescind, as here, upon discovery of "any defect of title," the vendor's title is defective unless it is "fairly deducible of record." (*Cf. Las Animas etc. Land Co.* v. *Preciado* (1914) 167 Cal. 580, 586 [140 P. 239]; *Allen* v. *Globe Grain & Milling Co.* (1909) 156 Cal. 286, 290 [104 P. 305]; *Culligan* v. *Leider* (1944) 65 Cal.App.2d 51, 58-59 [6] [149 P.2d 894].) ▮ It follows that defendant must also be deemed to have admitted the delivery to plaintiff's assignors of preliminary title reports which entitled the latter to terminate "forthwith" and recover the $25,000 down payment.

▮▮ Defendant's other point is that in its third amended answer it alleged that "there were no defects of title and no misrepresentations." Defendant argues that this is an affirmative allegation of facts contrary to those alleged in the complaint, and hence that it must be taken to be true in ruling on plaintiff's motion for judgment on the pleadings (citing *MacIsaac* v. *Pozzo* (1945), *supra*, 26 Cal.2d 809, 813 [2]). But in view of defendant's above discussed special allegations of fact concerning the state of the title to the property, the general allegation that "there were no defects of [defendant's] title" is to be deemed a bare conclusion of law and, being contradicted by such special allegations, must be disregarded. (*Martin* v. *Hall* (1933) 219 Cal. 334, 338 [6] [26 P.2d 288]; *Carlson* v. *Lindauer* (1953) 119 Cal.App.2d 292, 301 [4]-302 [5] [259 P.2d 925].)

▮▮ In ruling on a motion for judgment on the pleadings the trial court should, ordinarily, permit the party whose

pleadings are attacked to amend if it so desires. (*Beverage* v. *Canton Placer Mining Co.* (1955) 43 Cal.2d 769, 772 [2], 778 [17] [278 P.2d 694]; *MacIsaac* v. *Pozzo* (1945), *supra*, 26 Cal. 2d 809, 815-816 [8].) But where, as here, that party had previously been given three successive opportunities to amend and thus had ample notice of the defective state of its pleadings, yet had repeatedly failed to remedy such defects, the trial court cannot be said to have abused its discretion in granting the motion without further leave to amend. (*Cf. Ruinello* v. *Murray* (1951) 36 Cal.2d 687, 690 [5] [227 P.2d 251].)

For the reasons above stated the judgment is affirmed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.