[Civ. No. 40661. First Dist., Div. Three. Dec. 29, 1977.]

CITY OF SANTA CLARA, Plaintiff and Appellant, v.
ROCKY A. PARIS et al., Defendants and Respondents.

**COUNSEL**

Edwin J. Moore, City Attorney, Michael R. Downey, Assistant City Attorney, and Barry R. McCarthy, Deputy City Attorney, for Plaintiff and Appellant.

La Croix & Schumb and Michael J. Matteucci for Defendants and Respondents.

## Opinion

**KING, J.**\*—This is an appeal from a judgment of dismissal after respondents Paris' demurrer to appellant City of Santa Clara's amended complaint was sustained without leave to amend. The second amended complaint, in two causes of action, sought to enforce a condition contained in a variance granted to respondents by appellant. The first cause of action sought to enjoin respondents from acting in violation of the condition, contending the violation constituted a public nuisance under the terms of appellant's zoning ordinance. The second cause of action requested a declaration of the rights and duties of all parties with respect to the condition contained in the variance. In addition to respondents, appellant had named as other defendants property owners of nearby residential property, although their property was outside appellant's city limits.

Respondents held fee title to certain real property within appellant's city limits. Prior to any proceedings, respondents purchased a strip of property adjoining their property. The controversy in this action involves access to this strip. The strip is an alley behind respondents' property. At one end it provides access to a public street and, at the other end, provides access to a public alleyway running behind the parcels of property belonging to the other defendants. The other end of this public alleyway provides access to another public street. The other defendants' garage entrances are on the public alleyway.

According to the allegations of the second amended complaint, respondents, in 1973, wished to expand the existing office building on their property. Because of setback requirements, expansion was precluded in the absence of respondents, obtaining a variance from appellant. Respondents applied for a variance from appellant's planning commission and, at a meeting of the commission in 1973 at which respondents agreed to accept certain conditions, the variance was granted. Condition No. 8, the one in issue here, was as follows: "8. Access to alley to remain open and to be closed periodically to comply with the legal requirements that property remains private." The imposition of this condition by the planning commission could have been appealed by respondents to appellant's city council and thereafter to the courts, but they did not do so.

---

\*Assigned by the Chairperson of the Judicial Council.

In 1975, after respondents had completed the expansion of their building, they requested appellant's planning commission to delete condition 8. The planning commission refused and respondents appealed to appellant's city council, which upheld the refusal. Thereafter, rather than commencing legal action, respondents took simple and direct action by installing a locked gate to prevent access to the alley referred to in condition 8. This litigation resulted.

The legal issue we must resolve is whether or not appellant is a real party in interest having standing to bring this action. The trial court ruled in favor of respondents on this issue. Respondents contend that appellant brought this action as a strawman for the defendants who are not residents of appellant city and who have now brought a separate action against respondents on their own behalf. Respondents cite the allegation in the initial complaint filed by appellant which states "This action is instituted to obtain a declaration of the rights of the defendant residential owners to continue to use, for access, the Paris strip." To decide the issue here, we must first review the law applicable to zoning.

"A variance sanctions a deviation from the standard set by the general zoning ordinance, and the granting of a variance rests largely in the discretion of the body designated by the ordinance for that purpose. [Citations.] Conditions may be attached to the granting of a variance in order to preserve the general purposes and intent of the zoning ordinance. [Citations]." (*Bringle* v. *Board of Supervisors* (1960) 54 Cal.2d 86, 88 [4 Cal.Rptr. 493, 351 P.2d 765].) Respondents concede that appellant had the authority to condition the variance. Additionally, since this matter comes before us as a result of the sustaining of a demurrer, the validity of the condition and the possibility that respondents waived their right to assert any invalidity of the condition need not be considered. (*Pfeiffer* v. *City of La Mesa* (1977) 69 Cal.App.3d 74, 78 [137 Cal.Rptr. 804].)

In essence, we must determine whether or not a city has the legal ability, in its own right, to bring an action to enforce a condition to a variance which it has granted. Apparently, this issue has not previously been decided.

Although earlier cases discussed zoning violations in terms of nuisance, and justified actions to enforce the zoning regulations by reference to nuisance law (see *City of Stockton* v. *Frisbie & Latta* (1928) 93 Cal.App. 277, 285-290 [270 P. 270], and cases cited therein) the courts

have more recently interpreted the early cases to stand "for the proposition that the violation of a valid zoning ordinance itself constitutes a sufficient showing to permit enforcement." (*City etc. of San Francisco* v. *Burton* (1962) 201 Cal.App.2d 749, 757 [20 Cal.Rptr. 378], approved in *City of Tiburon* v. *Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 178 [84 Cal.Rptr. 469] and *City and County of San Francisco* v. *Padilla* (1972) 23 Cal.App.3d 388, 401 [100 Cal.Rptr. 223].)

■ In view of the ordinance, and the case law cited above, we hold that the city may bring an action to enjoin or otherwise abate the violation of the condition by respondents. (See *City and County of San Francisco* v. *Padilla, supra*; see also Cal. Zoning Practice (Cont.Ed.Bar 1969) pp. 477-481.) We conclude the second amended complaint properly pleaded a cause of action to enforce the condition.

When there is a failure to comply with a zoning ordinance by a failure to comply with a condition of a variance, the city establishing the zoning ordinance must be allowed to bring an action seeking to specifically enforce performance of the condition of the variance. The city's right to bring the action depends upon the violation of its zoning scheme, not upon the residency or nonresidency of those parties benefitted, nor whether property outside of the city receives a benefit.[1]

The second amended complaint deleted all reference to the rights of the residential owners from its first cause of action, stating only the facts showing violation of condition 8, alleging a public nuisance, and seeking a permanent injunction. Though the second cause of action mentioned the need for a declaration of the rights of all parties, it in no way mentioned that the action was brought on behalf of the residential owners.

As mentioned above, respondents rely heavily upon statements in appellant's original complaint to support their contention that appellant

---

[1]It is true that defendants, as owners of property located outside of appellant city but adjoining that of respondents, receive a benefit from the enforcement of the condition attached to the variance. Quite often when a property owner is compelled to correct a zoning violation, there will be a benefit to individual owners of adjoining or nearby property. It cannot be seriously argued that appellant, because it had those benefits in mind when it brought its action to enforce the condition, was not a real party in interest in the action. The fact that defendants, as individually benefitted owners, are not residents of the city, cannot preclude appellant's action to enforce a condition to a variance, in light of its obligation to consider neighboring owners in its zoning decisions. (*Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137].)

was not suing in its own right, but on behalf of property owners whose property was not within appellant's city limits. They rely upon the rule that a fact once alleged cannot be withdrawn without explanation (see *Hardy* v. *Admiral Oil Co.* (1961) 56 Cal.2d 836, 840 [16 Cal.Rptr. 894, 366 P.2d 310] and *Sackett* v. *Wyatt* (1973) 32 Cal.App.3d 592, 597 [108 Cal.Rptr. 219].)

The cases concerning amendments to pleadings where facts are deleted are inapposite. In *Hardy* the defendant was not allowed to stand upon an amended answer where he had previously admitted receipt of a title report showing a defect in title, His admission of that receipt could not be deleted without explanation. Likewise, in *Sackett,* the plaintiff could not avoid his allegations that the defendant had acted as a union officer in reaching an agreement with plaintiff. In both of those cases the deletions were of allegations or admissions of fact. Here the deletion was not of a relevant fact, but of a statement of a purpose for which the action was brought. That change in stated purpose is not fatal.

In conclusion, we hold appellant is a real party in interest in the enforcement of its variance condition and properly pleaded a cause of action for such enforcement. Respondents' demurrer was therefore improperly sustained. The judgment of dismissal is reversed.

Scott, Acting P. J., and Smith (P. A.), J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.