IN THE SUPREME COURT OF THE STATE OF MONTANA

----------

No. 81-196

----------

PAUL MALINAK,

    Plaintiff-Appellant,

    vs.

SAFECO TITLE INSURANCE COMPANY
OF IDAHO, and LINCOLN COUNTY
TITLE COMPANY,

    Defendants-Respondents.

FILED

NOV - 9 1982

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

----------

OPINION AND ORDER

----------

Paul Malinak appeals from a summary judgment entered against him in the District Court of the Nineteenth Judicial District, Lincoln County, and in favor of the defendants Safeco Title Insurance Company of Idaho and Lincoln County Title Company.

There are still pending claims against Malinak based on Safeco's claim for subrogation, but the District Court, in entering judgment, determined that there was no just reason for delay in the entry of final judgment as to Paul Malinak on his claims against the defendants.

We find, however, that this Court has no jurisdiction of Malinak's appeal because his notice of appeal was not timely filed.

Summary judgment was entered against Malinak by the District Court on November 25, 1980. On December 4, 1980, he filed his motion to alter or amend the summary judgment. At the same time he noticed the motion for hearing on December 15, 1980.

Rule 59(g), M.R.Civ.P., provides:

-1-

"*Motion to alter or amend judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after the service of the notice of the entry of judgment, and may be combined with a motion for a new trial herein provided for. This motion shall be heard and determined within the time provided hereinabove with respect to a motion for new trial."

Under Rule 59(g), Malinak's motion to alter or amend the judgment was timely filed. To determine whether a motion was heard and determined within the time provided with respect to a motion for new trial, we must look to the provisions of Rule 59(d).

Rule 59(d), M.R.Civ.P. provides in pertinent part:

"*Rule 59(d). Time for hearing on motion.* Hearing on the motion shall be had within 10 days after it has been served,. . ."

The written notice of hearing on the motion to alter or amend the judgment served by Malinak provided for the hearing to occur on December 15, 1980. The motion was heard on December 15, and following the hearing, the court granted the parties to December 30, 1980 in which to file briefs. The court entered an order denying the motion to alter or amend the judgment on January 6, 1981. Malinak dated his notice of appeal January 30, 1981, but it was not filed until February 4, 1981.

When on December 4, 1980, Malinak set the motion to alter or amend the judgment for hearing on December 15, 1980, he set it one day beyond the permissible time for a hearing, or 11 days. If his motion to alter or amend the judgment was served as appears in the record on December 4, 1980, then the time for hearing expired on December 14, 1980 and his time for filing his notice of appeal would begin running on that date. His notice of appeal filed February 4, 1981 would obviously be beyond the permissible time for filing.

There are further provisions of Rule 59(d) which come into play. Rule 59(d) goes on to say:

". . . at anytime after the notice of hearing on the motion has been served the court may issue an order continuing the hearing for not to exceed 30 days. In case the hearing is continued by the court, it shall be the duty of the court to hear the same at the earliest practicable date thereafter, and the court shall rule upon and decide the motion within 15 days after the same is submitted. If the court shall fail to rule upon the motion within said time, the motion shall, at the expiration of said period be deemed denied."

Here the hearing was held on December 15, 1980. At that time it was deemed submitted. It was deemed denied on December 30, 1980, 15 days after it was submitted. Therefore, Malinak's time to file his notice of appeal ran out on January 29, 1981. The date of January 29, 1981 fell on a Thursday and if we grant him 3 days for filing by mail his notice of appeal, the final date for filing the notice of appeal in the District Court was February 2, 1981. Obviously and unfortunately, his appeal was not timely filed.

The court regrets that it makes this determination of lack of jurisdiction at this late date, after hearings have been held and other attempts made to resolve the important issues raised in this case. We have noted in case after case and tried to alert attorneys to the jurisdictional traps that lie in post-trial motions under Rule 59. Our earlier rulings in these cases mandate a dismissal in this cause. Oster v. Oster (1980), ___ Mont. ___, 606 P.3d 1075, 37 St.Rep. 264; First National Bank of Lewistown v. Fry (1978), 176 Mont. 58, 575 P.2d 1325; Armstrong v. High Crest Oils, Inc. (1974), 164 Mont. 187, 520 P.2d 1081; Sikorski and Sons, Inc. v. Sikorski (1973), 162 Mont. 442, 512 P.2d 1147; Cain v. Harrington (1973), 161 Mont. 401, 506 P.2d 1375; Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203.

The appeal is dismissed.

Dated this 9th day of November, 1982.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

_____
Hon. Peter G. Meloy,
District Judge, Sitting
for Mr. Justice Frank B.
Morrison, Jr.

-4-