Filed 7/9/25  Kosey v. Encompass Community Services CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JUN KOSEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ENCOMPASS COMMUNITY<br>SERVICES, et al.,<br><br>    Defendants and Respondents. | H052220<br>(Santa Cruz County<br>Super. Ct. No. 23CV02547) |

Appellant Jun Kosey filed a lawsuit against Monarch Disabled Housing, Inc. (Monarch) and Encompass Community Services (Encompass), alleging Kosey experienced harassment and assaults while living as a tenant at a property controlled by Monarch.  Kosey alleges Encompass and Monarch, alleged to be a subsidiary of Encompass, failed to take adequate measures in response.  The trial court sustained without leave to amend on the ground of uncertainty a demurrer by Monarch and Encompass, to which Kosey filed no opposition, and judgment was entered.

Kosey appeals, arguing that Monarch and Encompass owed Kosey a duty of care to protect against foreseeable future assaults and breached that duty.  Kosey argues further that leave to amend should have been granted.

We conclude Kosey's failure in the appellate brief to address uncertainty as the ground for the trial court's order results in forfeiture of any argument as to that issue, and

that Kosey has also failed to show how the complaint's defects can be cured, which is Kosey's burden. Accordingly, we affirm the judgment.

## I. BACKGROUND

"Because this matter comes to us on demurrer, we take the facts from plaintiff's complaint, the allegations of which are deemed true for the limited purpose of determining whether plaintiff has stated a viable cause of action. [Citation.]" (*Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 885.)

According to the allegations of Kosey's complaint, Kosey is a tenant at a property controlled by Monarch, which is a subsidiary of Encompass.[1] Monarch is "special housing for individuals diagnosed with psychiatric disabilities." Kosey did not feel safe at the property because of "various forms of physical and psychological abuse on the property," so Kosey sent text messages and e-mails to employees of the defendants regarding these concerns. In the messages and e-mails, Kosey recounted several incidents. In one such incident, Kosey stated that Kosey experienced harassment by two other tenants, Sandra England and Valinda Stafford, when they called the police after Kosey had a nightmare that caused Kosey to scream in the middle of the night. Kosey alleges England called the police another time and told them Kosey was crying and suicidal. Kosey's concerns about England caused Kosey to request the installation of a surveillance camera in the living room. In July 2022, Kosey sought a civil harassment restraining order against England, but the trial court ruled there was insufficient evidence to support Kosey's claims.

Between November 2021 and January 2022, Kosey notified a "[h]ousing [s]upport [s]pecialist" that Kosey had been assaulted by tenant Jon Jones on the property. Kosey also alleges reporting a sexual assault by another tenant. In November 2021, Kosey

---

[1] In a declaration submitted in connection with a motion to set aside the trial court's order sustaining a demurrer, Kosey asserted that she became unhoused on September 11, 2023.

spoke with a deputy and stated that in July of that year, Kosey had "woken up naked in Robin Seymour's bed with no memory of what had happened." The Sheriff's office initiated an investigation, during which one of the deputies informed Kosey that the Sheriff's office had attempted to contact property management, but had received no response. Kosey inquired "why the Sheriff's office was contacting property management rather than question the accused or the witness." Kosey alleges the "Sheriff's Department never investigated the allegations of sexual assault."

Kosey alleges being assaulted on other occasions, including when away from the property, as well as an instance when Kosey woke up in Jones's bedroom. Jones told Kosey he had assisted Kosey into the house because Kosey had been unable to walk without assistance. Kosey sent an e-mail to the property manager in November 2021 notifying her that another individual had witnessed Jones assault Kosey when they were walking to a nearby movie theater. In December 2021, the property management sent a letter to all tenants advising them to lock their doors. At the end of December, following an investigation, Kosey "received a response from Encompass . . . and their attorneys . . .[accusing Kosey] of intimidating and harassing the other tenants."

In February 2022, Kosey submitted a Violence Against Women Act application to property management at Monarch, "seeking protection from harassment and retaliation."

Kosey reported another sexual assault by Jones in March 2022, and a battery by Jones in April 2022. With regard to the battery, Kosey stated that, "while Jones was assisting [Kosey] in the shower, . . . Jones was angered by the sound of [Kosey's] singing" and struck Kosey in the face, knocking Kosey to the floor of the shower tub. Jones knocked Kosey down more than once and kicked Kosey repeatedly. Kosey obtained a restraining order against Jones and Jones was evicted from the property.

A few days after the assault, Kosey felt symptoms that Kosey interpreted as cardiac arrest, and Kosey called an ambulance. Kosey ran to Jones's room because Jones was the only tenant who had ever shown kindness to Kosey. When paramedics arrived,

3

they saw a bottle of wine in Jones's bedroom and insisted that Kosey was drunk, even though Kosey and Jones told the paramedics that Kosey had not had any of Jones's wine. The paramedics took Kosey's vital signs, finding no indication of a medical emergency, and Kosey determined it had been a panic attack.

In May 2022, Kosey received a "Cure or Quit Notice" that "claimed that an ambulance had been called due to [Kosey's] level of intoxication." Kosey alleges there was no evidence Kosey had consumed any alcohol.

Kosey alleges "[t]here were several measures that [Monarch] could have taken and neglected to do in response to the numerous reports they received, including the following: . . . [Monarch] neglected to send Cure or Quit notices, letters, or warnings to tenants who [Kosey] reported as having committed crimes or lease violations. [Monarch] neglected to relocate tenants who reported serious issues . . . [and] [u]pon receiving reports that [Kosey] did not feel safe on the property . . . [Monarch] could have transferred [Kosey] to a different property." "[Monarch] neglected to install security cameras on the exterior of the building . . . [and] refused to allow [Kosey] to take security cameras into the kitchen."

In September 2022, Kosey received another "Cure or Quit" notice based on what Kosey alleged were false accusations that Kosey had knocked over a vase that belonged to England. Kosey responded with a "Cease and Desist letter" to Monarch.

In May 2023, England filed a report with the Sheriff's Office claiming Kosey had committed assault and battery against England. Kosey alleges the report was false and retaliatory.

Kosey alleges that, as a result of the sexual assaults, assault and battery, and harassment, discrimination, and retaliation that Kosey was subjected to, Kosey suffered increased symptoms of post-traumatic stress disorder (PTSD).

Kosey's complaint, filed on October 27, 2023, sets forth the following causes of action: (1) negligence; (2) defamation; (3) assault and battery; (4) sexual battery;

4

(5) sexual harassment (Civ Code, § 51.9); (6) harassment; (7) negligent leasing and retention; (8) disability discrimination – refusal to make reasonable accommodation in housing (Gov Code, § 12927, subd. (c)(1)); (9) retaliation (34 U.S.C., § 12941); (10) failure to exercise due care in violation of California Civil Code section 1714, subdivision (a); (11) intentional infliction of emotional distress; (12) negligent infliction of emotional distress.[2]

In November 2023, Monarch and Encompass demurred to the complaint on the grounds that the complaint fails to state a cause of action and is uncertain. (Code Civ. Proc., § 430.10, subds. (e), (f).) Monarch and Encompass also filed a motion to strike portions of the complaint.

Kosey did not file an opposition or appear at the February 9, 2024, hearing on the demurrer and motion to strike. On April 8, 2024, the trial court issued an order sustaining the demurrer without leave to amend and finding the motion to strike to be moot. In its order, the court noted that the complaint "appears to be nearly identical to the deficient complaint in 23CV01083 (which [Kosey] voluntarily dismissed on 10/27/23 instead of amending, following successful demurrer), and repeats the same allegations as an earlier case, 22CV00194, which [Kosey] also voluntarily dismissed on 3/23/23." The court did not address any cause of action substantively, but stated: "None of the causes of action list the defendant(s) who are allegedly responsible, and they all contain rambling allegations of harm. It is not possible to determine which claim is made against which defendant."

On March 25, 2024, before the order on the demurrer had been filed, Kosey filed a motion to set aside the order sustaining the demurrer pursuant to Code of Civil Procedure

---

[2] The causes of action are numbered differently in the body of the complaint than on the first and second pages. We will use the numbering from the first and second pages.

section 473, subdivision (b).[3]  Kosey asserted in the motion that Kosey became homeless in September 2023 and traveled to Southern California to avoid harsh winter weather.  In Southern California, Kosey was affected by floods as well as the theft of Kosey's phone.

On April 11, 2024, the trial court issued its Notice of Entry of Order Sustaining Demurrer Without Leave to Amend and Notice of Entry of Judgment of Dismissal.

Kosey timely appealed.

## II.    DISCUSSION

### A.    *Legal Principles*

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules.  'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.'  [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]"  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"We review a judgment of dismissal after an order sustaining a demurrer de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citation.]"  (*Hanouchian v. Steele* (2020) 51 Cal.App.5th 99, 106.)

---

[3] Code of Civil Procedure section 473, subdivision (b) authorizes a court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

"We will affirm the court's ruling if it is correct under any legal theory raised in the demurrer, whether the court relied on the theory or not. [Citation.]" (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946.)

**B.      *Failure to File Opposition***

Kosey filed no opposition to the demurrer and did not appear at the hearing. Generally, this would result in forfeiture of any new arguments Kosey might want to raise on appeal.[4] (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1192; *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591 ["arguments raised for the first time on appeal are generally deemed forfeited"].) This is because "[a]ppellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.]" (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.)

There is an exception, however, when a pure question of law is raised. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["A court of review has discretion to consider an issue not raised in the trial court to the extent it presents a pure question of law or involves undisputed facts."]) "A demurrer is directed to the face of a complaint [citation] and it raises only questions of law [citations]. Thus an appellant challenging the sustaining of a general demurrer may change his or her theory on appeal [citation], and an appellate court can affirm or reverse the ruling on new grounds. [Citations.]" (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959.)

As a result, although Kosey did not file an opposition to the demurrer, we consider the arguments presented on appeal.

**C.      *Appellant's Burden on Appeal***

In the opening brief, Kosey asserts Monarch and Encompass owed a duty of care to protect Kosey, which they breached, but this argument is not tethered to any particular

---

[4] We acknowledge that Kosey asserts that opposition to the demurrer was not possible because Kosey was unhoused.

cause of action. Kosey mentions both a tenant's right to quiet enjoyment and possession of premises, and premises liability. In the "discussion" portion of the opening brief, Kosey asserts that a court has discretion to allow leave to amend, and that the court "could, at its discretion, provide Plaintiff notice of the complaint's deficiencies." In conclusion, Kosey states "the evidence supports a finding that the Defendants by their conduct breached their duty to Kosey. Kosey respectfully asks that this Court reverse the decision of the trial court and grant the plaintiff leave to amend her complaint."

On appeal, Kosey has the burden of demonstrating error by the trial court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 ["it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"]; *E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315 ["On appeal from a judgment of dismissal after a demurrer has been sustained without leave to amend, the plaintiff has the burden of proving error."].)

To demonstrate error, "[a]n appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) "[A]ppellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " this Court may treat the point as forfeited. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) We are not required to search the record for error ourselves (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246), and "[w]e are not bound to develop appellants' arguments for them. [Citation.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).)

8

The principles of review which require the appellant to show error apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.) Kosey " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' [Citations.] . . . [W]e will bear in mind that an ' "order of the lower court is *presumed correct*." ' [Citation.] Therefore, [the appellant] has the burden of affirmatively showing any error. [Citation.]" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

Kosey has not addressed most of the causes of action in the complaint to explain why it was error to sustain the demurrer as to those causes of action. Kosey therefore has forfeited any arguments regarding the demurrer to those causes of action. (See *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 870.) And as we will discuss, Kosey has not addressed the trial court order's central premise, that the complaint is subject to a demurrer for uncertainty and is not amenable to amendment because it is essentially the same complaint that Kosey has filed in prior lawsuits and failed to amend.

**D.** *Uncertainty*

The trial court in its order cited authority regarding the ground of uncertainty and we read the order as relying on this ground to sustain the demurrer. (Code Civ. Proc, § 430.10, subd. (f).) The court also referenced two previous lawsuits filed by Kosey, noting that the allegations in each case were similar, that Kosey voluntarily dismissed one case instead of amending following a successful demurrer, and that Kosey also voluntarily dismissed the other case. The court ultimately stated that it sustained the demurrer without leave to amend in the current suit "as this is the same complaint about the same allegations that Plaintiff has previously dismissed twice instead of amending." The fact that Kosey did not amend defects in the complaints from the previous lawsuits is relevant to the issue of whether the trial court abused its discretion by failing to grant leave to amend.

9

It bears repeating that "[a] cardinal rule of appellate review is that the judgment or order of the trial court is presumed correct and prejudicial error must be shown. [Citations.] ' " 'Although our review of a [demurrer] is de novo, it is limited to issues [that] have been adequately raised and supported in [the appellant's] brief. [Citations.] Issues not raised in an appellant's brief are deemed waived or abandoned.' " ' [Citations.]" (*Center for Biological Diversity v. California Department of Conservation, etc.* (2019) 36 Cal.App.5th 210, 226; see also *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 ["On appeal, we must presume the trial court's judgment is correct. [Citation.] In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them."].)

Because the trial court sustained the demurrer on the ground of uncertainty, it did not substantively address the allegations of the complaint and whether any of Kosey's causes of action stated a claim. Kosey does not address uncertainty at all in the opening brief and we therefore deem the issue forfeited. Consequently, Kosey has not demonstrated that the trial court's order sustaining the demurrer on the ground of uncertainty should be reversed.

Kosey asks for leave to amend the complaint, pointing to the strong policy favoring amendment. Kosey asserts the trial court erred in denying this opportunity. We review the denial of leave to amend for abuse of discretion. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) A trial court abuses its discretion only when, having considered all the circumstances, its decision exceeds the "bounds of reason." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) " 'A ruling that constitutes an abuse of discretion has been described as one that is "so irrational or arbitrary that no reasonable person could agree with it." [Citation.]' " (*In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 500, quoting *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) The burden to show an abuse of discretion has been described as a " 'daunting task' confronting an appellant who seeks reversal of a trial court's

discretionary ruling. [Citation.]" (*Dreamweaver Andalusians, LLC v. Prudential Insurance Company of America* (2015) 234 Cal.App.4th 1168, 1171.)

Providing no explanation of how any defects in the complaint could be cured, Kosey states that this Court could give notice of the complaint's deficiencies. Similarly, Kosey asserts Encompass and Monarch "have failed to meet their burden of proving that amendment to her pleading would be futile." But it is *Kosey's burden* to show how the complaint can be amended. (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742 ["The burden is on the plaintiff . . . to demonstrate the manner in which the complaint might be amended. [Citation.]"]; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 ["Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading."].) Kosey has not met this burden.

It is unclear on the record before us how documents from other related cases came to be in front of the trial court on demurrer, but Kosey does not challenge the trial court's consideration of these cases, or the trial court's interpretation of their significance.[5] The presumption of correctness therefore compels us to uphold the trial court's factual findings in this regard, including the fact that Kosey's complaints in those cases included nearly identical allegations to those in this case, and that Kosey dismissed those actions rather than amend to correct any defects.

Kosey failed to amend the pleadings in related cases on at least two previous occasions in the trial court below, and has failed to meet the required burden of showing how the complaint can be successfully amended here. Under these circumstances, we cannot find that the trial court abused its discretion when it sustained the demurrer without leave to amend. (*Hardy v. Admiral Oil Co.* (1961) 56 Cal.2d 836, 842 [where a "party had previously been given three successive opportunities to amend and thus had ample notice of the defective state of its pleadings, yet had repeatedly failed to remedy

---

[5] Kosey references the two prior cases in the appellate brief, and acknowledges requesting entry of dismissal in both cases.

such defects, the trial court cannot be said to have abused its discretion in granting the motion without further leave to amend"]; *Ion Equipment Corp. v. Nelson* (1980) 110 Cal.App.3d 868, 878 ["The right to amend is not unqualified."].)

Because Kosey has not met the burden to show error on appeal, we affirm the judgment.

### III.    DISPOSITION

The judgment is affirmed.  In the interests of justice, each party shall bear its costs on appeal.

_____
Greenwood, P. J.


WE CONCUR:




_____
 Lie, J.







_____
 Rodriguez, J.*




H052220
Kosey v. Encompass Community Services et al.

_____
      * Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.